UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE DOE FUND, INC.<br><br>         Plaintiff,<br><br>v.<br><br>BERKLEY INSURANCE COMPANY<br><br>         Defendant. | No. 1:22-cv-09852 (JGLC)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

JESSICA G. L. CLARKE, U.S.D.J.

  WHEREAS, the parties to this action (collectively the "Parties" and individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of non-public and sensitive information that they may need to disclose in connection with discovery in this action;

  WHEREAS, the Parties, through counsel, agree to the following terms; and

  WHEREAS, this Court finds good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action,

  IT IS HEREBY ORDERED that any person subject to this Order – including without Limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, employees, attorneys, experts and consultants, and all third parties providing discovery in this action – will adhere to the following terms, upon pain of contempt:

  1.  All "Discovery Material" (i.e. information of any kind produced or disclosed in the course of discovery in this action) shall be deemed "Confidential" and shall be marked as such. Recipients of Discovery Material may use such material solely for the prosecution and defense of

this action and any appeals thereto and not for any business, commercial, or competitive purpose or in any other litigation proceeding.

2. No person subject to this Order may disclose any Discovery Material to anyone else except as this Order expressly permits, or otherwise Ordered by this Court, regardless of its designation as "Confidential", "Highly Confidential", or lack thereof.

3. The Party or person producing or disclosing Discovery Material ("Producing "Party") may designate as "Highly Confidential" only the portions of such material that it reasonably and in good faith believes: may harm a business, commercial, financial, or personal or other interest of the Producing Party; consists of non-disclosed financial information; is material relating to ownership or control of any non-public company; are business plans, product-development information, marketing plans or business-sensitive or other proprietary information; is information of a personal or intimate nature regarding any individual; is sensitive information regarding the claims in the underlying actions;  and/or any other category of information this Court subsequently affords confidential status.

4. With respect to the Highly Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Highly Confidential" by stamping or otherwise clearly marking as "Highly Confidential" the protected portion in a manner that will not interfere with legibility or audibility.

5. Upon request, any party may request that the Producing Party provide another copy of the Highly Confidential Discovery Material with the confidential information redacted for filing with the Court. Any such filing of Highly Confidential Discovery Material shall be filed under seal in accordance with this Order.

6. If the Court denies a motion to seal Discovery Materials marked Highly Confidential, that Discovery Material shall maintain its confidential status, generally, and shall be deemed marked "Confidential."

7. If a Producing Party inadvertently fails to mark Discovery Materials as Highly Confidential, it may, upon notice to all parties, revise its designation in accordance with this Order.

8. It shall not be deemed a violation of this Agreement for counsel to disseminate Confidential Discovery Materials as part of their filings with the Court. All filings containing Highly Confidential or Confidential Discovery Materials shall remain subject to the provisions of this Agreement notwithstanding their filing or dissemination to counsel or availability from the Clerk or "online".

9. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Highly Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Highly Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Highly Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Highly Confidential.

10. Persons subject to this Order may only disclose Discovery Material, whether Confidential or Highly Confidential, to the following persons:

a. the Parties to this action and their affiliated or parent companies, their insurers and reinsurers, and counsel to their insurers and reinsurers, as well as reinsurance intermediaries, retrocessionaires, accountants, auditors, and regulatory agencies;

b. counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c. outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter;

d. any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness, other than employees of the Parties, who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action;

g. any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h. stenographers engaged to transcribe depositions the Parties conduct in this action; and

i. this Court, including any appellate court, its support personnel, and court reporters.

11. Before disclosing any Discovery Material, whether Confidential or Highly Confidential, to any person referred to in subparagraphs 10(d), 10(f), or 10(g) above, counsel must provide a copy of this Order to such person who must agree to be bound by this Order.

12. In accordance with paragraph 5(d)(2) of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch* v. *Pyramid Co. of Onondaga,* 435 F.3d 110, 120 (2d Cir. 2006). If the filing party is not the Producing Party, the Producing Party shall supplement the filing party's letter to the Court setting forth any justification for sealing.

13. The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Highly Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Highly Confidential.

14. In filing Highly Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Highly Confidential Discovery Material ("Highly Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Highly Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Highly Confidential Court Submission under seal with the

Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Highly Confidential Court Submission.

15. Any Party who objects to any designation of "Highly Confidential" may at any time during discovery and at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with this Court's Individual Practices.

16. Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to this Court in accordance with paragraph 4(E) of this Court's Individual Practices.

17. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Moreover, nothing contained in this Order shall restrict or otherwise limit the use of Discovery Material that was obtained from a source or in a manner not subject to this Order.

18. Nothing in this Order will prevent any Party from producing any Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose

compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

19. Each person who has access to Discovery Material, regardless of whether it has been designated as Highly Confidential pursuant to this Order, must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

20. The production of any privileged or otherwise protected Discovery Material shall not be deemed a waiver or impairment of any claim, privilege or protection, including, but not limited to, the attorney/client privilege and the protection afforded to work product materials or the subject matter thereof. Upon receiving notice from the other party that such materials have been produced or copied, all such materials (including all copies or summaries thereof) shall be returned within five (5) business days of receipt of such notice, or as soon as is practicable. If a party believes that such "recalled" documents are not privileged or otherwise protected, such party may challenge such designation as provided by the applicable rules, but may not argue that such privilege or other purported protection has been waived.

21. Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or other protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

22. Within 60 days of the final disposition of this action – including all appeals – all recipients of Discovery Material, both Highly Confidential or otherwise, must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material or delete electronically stored materials to the extent possible. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written

certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Discovery Material, except as stated below. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Discovery Material. Any such archival copies that contain or constitute Discovery Material remain subject to this Order.

23. This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Discovery Material is produced or disclosed.

24. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED,

| THE DOE FUND, INC., | BERKLEY INSURANCE COMPANY, |
|---|---|
| By its attorneys, | By its attorneys, |
| /s/ Steven J. Pudell | /s/ Kevin T. Coughlin |
| Steven J. Pudell, | Kevin T. Coughlin, |
| Jade W. Sobh, | Steven G. Adams, |
| Anderson Kill, P.C. | David M. Farkouh, |
| 1251 Avenue of the Americas | Coughlin Midlige & Garland LLP |
| New York, NY 10020 | Wall Street Plaza |
| T: 212-278-1000 | 88 Pine Street, 28th Floor |
| spudell@andersonkill.com | New York, NY 10005 |
| jsobh@andersonkill.com | T: 212-483-0105 |
|  | kcoughlin@cmg.law |
|  | sadams@cmg.law |
|  | dfarkouh@cmg.law |

Dated: September 5, 2023
       New York, New York

SO ORDERED.

/s/ Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

8