UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE DOE FUND, INC.,

                          Plaintiff,

        -against-

BERKLEY INSURANCE COMPANY,

                          Defendant.

22-CV-9852 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

On March 26, 2024, the Court issued an Opinion and Order (the "Order") granting a motion by The Doe Fund, Inc. ("Doe") for partial summary judgment and determining that Berkley Insurance Company ("Berkley") has a duty to defend and indemnify Doe in connection with several underlying lawsuits. *See Doe Fund, Inc. v. Berkley Ins. Co.*, No. 22-CV-9852 (JGLC), 2024 WL 1313873 (S.D.N.Y. Mar. 26, 2024).

Berkley now moves for the Court to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Berkley's motion is denied.

## DISCUSSION

Certification of an interlocutory order for immediate appeal "is only appropriate if the district court determines: (1) that such order involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) that an immediate appeal from that order may materially advance the ultimate termination of the litigation." *Aldana v. GameStop, Inc.*, No. 22-CV-7063 (LTS), 2024 WL 3104345, at *1 (S.D.N.Y. June 24, 2024) (quoting *In re Facebook, Inc., IPO Sec. and Derivative Litig.*, 986 F. Supp. 2d 524, 529 (S.D.N.Y. 2014)). "The moving party has the burden of establishing all three elements."

*Youngers v. Virtus Inv. Partners Inc.*, 228 F. Supp. 3d 295, 298 (S.D.N.Y. 2017) (internal citation omitted).

"Only exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Liberty Mut. Ins. Co. v. The Fairbanks Co.*, 208 F. Supp. 3d 545, 546 (S.D.N.Y. 2016) (internal quotation marks and citation omitted). Indeed, "interlocutory appeals are 'strongly disfavored.'" *Flynn v. Cable News Network, Inc.*, 621 F. Supp. 3d 432, 441 (S.D.N.Y. 2022) (quoting *In re Ambac Fin. Grp., Inc. Sec. Litig.*, 693 F. Supp. 2d 241, 282 (S.D.N.Y. 2010)).

Berkley fails to establish that an interlocutory appeal is justified here. Regarding the first requirement, Berkley correctly identifies that the interpretation of the Communicable Disease Exclusion is the controlling question of law in this case. ECF No. 63 at 4. However, courts in this District have routinely found that questions of contract interpretation are "typically [] not a 'controlling question of law' that serves as a basis for interlocutory appeal." *In re M/V Rickmers Genoa Litig.*, No. 05-CV-4261 (LAP), 2011 WL 9154839, at *1 (S.D.N.Y. July 8, 2011) (quoting *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 426 F. Supp. 2d 125, 128 (S.D.N.Y. 2005)) (collecting cases); *see also Liberty Mut. Ins. Co.*, 208 F. Supp. 3d at 547 (finding no controlling question of law to justify certification for interlocutory appeal where the controlling question of law was based on contract interpretation). "The question presented here is a pure question of contract interpretation and is therefore not the sort of question that is certifiable for interlocutory appeal." *In re M/V Rickmers Genoa Litig.*, 2011 WL 9154839, at *1. As such, Berkley fails to meet this element.

Second, there is no substantial ground for a difference of opinion in this case. "A mere claim that a district court's decision was incorrect does not suffice to establish substantial ground

for a difference of opinion." *Aldana*, 2024 WL 3104345 at *1 (quoting *Aristocrat*, 426 F. Supp. 2d at 129); *see also Flynn*, 621 F. Supp. 3d at 442. This is precisely Berkley's argument. Berkley contends that the Court erred in defining "communicable disease," ECF No. 63 at 4, and, instead of introducing additional caselaw or other sources to support its position, it simply restates the same argument the Court addressed and rejected in the Order. *See Doe Fund*, 2024 WL 1313873 at *3–4; *compare* ECF No. 63 at 4–6 *with* ECF 45 at 11–12. Berkley's argument again fails to persuade the Court that there is substantial ground for a difference of opinion. *See Manrique v. State Farm Mut. Auto. Ins. Co.*, No. 21-CV-224 (KMK), 2022 WL 2384170, at *4 (S.D.N.Y. July 1, 2022) ("[T]he Court finds that Defendant's repetition of arguments previously made concerning the applicability of inapposite state case law does not create substantial grounds for a difference of opinion.")

 Accordingly, Berkley's motion for interlocutory appeal is denied.

 The Clerk of Court is directed to terminate ECF No. 62. The parties are ORDERED to appear for a status conference before the Court on **October 22, 2024** at **12:00 p.m.**, in Courtroom 11B of the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, New York. The parties shall submit a joint status letter by no later than **October 15, 2024**.

Dated: October 11, 2024
   New York, New York

        SO ORDERED.

        JESSICA G. L. CLARKE
        United States District Judge